UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR ERNESTO CALDERON., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:19-CV-737-RLM-MGG |

OPINION AND ORDER

Oscar Ernesto Calderon, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 19-02-0153), in which a hearing officer found him guilty of attempted trafficking in violation of Indiana Department of Correction offenses A-111 and A-113. Among other sanctions, he lost 120 days of earned-timed credits and received a credit-class demotion. (*Id.*)

The charges were initiated when Investigator M. McGee wrote a conduct report stating as follows:

> On January 01/02/2019 information was forwarded to me that Calderon, Oscar 211786 was attempting to traffic contraband into Miami correctional Facility. The messages recovered talked about materials needed and ways to move the contraband. See Case # 19COA0002.

(ECF 5-1.) Investigator McGee also prepared a report of investigation, that stated as follows:

> Investigation and Intelligence department began an investigation involving offender Calderon. It was discovered on a parolee's cellphone Felix Hernandez 115695 that he had been communicating with Calderon. Messages was found on the cellphone from Calderon

> who was using the name (King Oscar Ykick). See Case # 19COA0002.

(ECF 5-2.) A confidential investigation report was also prepared and submitted, along with a copy of the text messages.

Mr. Calderon was formally notified of the charge. He pleaded not guilty and a lay advocate was appointed at his request. He didn't ask for any witnesses, but made these requests for physical evidence:

> Proof that I sent the text messages
>
> Where is the phone that was used?
>
> Phone that was used to send messages that staff have search[ed] for three times
>
> How am I being identified as "King Oscar Ykick" when I am not STG[1] (no tattoos)

(ECF 5-3.) Before the hearing, the hearing officer responded to these requests as follows:

> At your screening you requested the following things that are being denied due to policy/redundant or irrelevant information.
>
> "Proof that I sent the text messages"
>
> This is denied. By policy this information is marked confidential and can only be viewed by you if your attorney subpoenas the state for this information
>
> "Where is the phone that was used?"
>
> An A 121 does not require that you possess a phone. Only that you be found to have used one. As one was not taken from you, one cannot be provided as evidence.

---

[1] "STG" refers to a "security threat group," such as a street gang. See Sinn v. Lemmon, 911 F.3d 412, 415 (7th Cir. 2018).

> "Phone that was used to send messages that staff have search for three times"
>
> See above denial.
>
> "How am I being identified as "King Oscar Ykick" when I am not STG (no tattoos)"
>
> There are many indicators of gang affiliation that have nothing to do with tattoos. Claiming to be affiliated is one of them.

(ECF 5-7.)

When the hearing was held after being postponed three times for further investigation and due to unavailability of staff, Mr. Calderon stated as follows in his defense:

> How can they continuance [sic] so many times. How is my requested evidence being denied. Why wasn't I charged [with] 121. How did they connect me without a phone. These charges are vindictive and retaliatory.

(ECF 5-6.) The hearing officer considered this statement, but based on the conduct report and the confidential investigation report, found him guilty of attempted trafficking. Mr. Calderon's administrative appeals were denied.

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be

3

"some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. Calderon's petition asserts several claims: that he was "denied exculpatory evidence," that the hearing officer didn't properly respond to his requests for evidence, that the guilty finding wasn't "supported by reliable evidence," that provisions of the IDOC Adult Disciplinary Process weren't followed, and that the charge was "vindictive." (ECF 1 at 2-4.)

The court understands Mr. Calderon's first two claims to challenge the denial of evidence requested at screening, and that the hearing officer considered the confidential investigation report without disclosing it to him. The record reflects that at the time of screening, Mr. Calderon requested production of the cell phone used to text the other inmate, but the record reflects that no such phone was ever recovered. The hearing officer can't be faulted for failing to produce or consider evidence that did not exist. *See* Wolff v. McDonnell, 418 U.S. at 556.

Mr. Calderon also requested "proof that I sent the messages," but that proof was contained in the confidential investigation report and so not disclosed to him. Mr. Calderon had a right to request evidence in his defense, but not necessarily to personally review the evidence. White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."). The court has reviewed the confidential investigation report, and it contains a variety of sensitive materials that, if viewed by Mr. Calderon, could jeopardize institutional

4

safety and reveal investigative techniques. *See* Wolff v. McDonnell, 418 U.S. at 566; Jones v. Cross, 637 F.3d 841, 847 (7th Cir. 2011).

Mr. Calderon would only have a right to this evidence if it were exculpatory. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Based on this court's review, the confidential investigation report is inculpatory, rather than exculpatory. To obtain habeas relief, Mr. Calderon must show that a due process error resulted in actual prejudice. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). He doesn't allege any specific prejudice that resulted from him not being able to personally review this evidence, and the hearing officer fully considered the evidence in reaching her decision.

Mr. Calderon's final request for evidence—"How am I being identified as 'King Oscar Ykick' when I am not STG"— is better understood as a challenge to the sufficiency of the evidence proving that he was the person who texted inmate Hernandez. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. Supt. v. Hill, 472 U.S. at 455.

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). Mr. Calderon was found guilty of violating A-111 and A-113. Offense A-111 prohibits "[a]ttempting by

one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." (ECF 5-10 at 2.) Offense A-113, trafficking, prohibits "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." (*Id.*)

The confidential investigation report and the conduct report provide sufficient evidence that Mr. Calderon attempted to traffic with the other inmate. Prison officials didn't have to prove that he was part of a security threat group or that he owned a cell phone to find him guilty. Although Mr. Calderon protests that he is innocent, this court can't reweigh the evidence to make its own determination of guilt or innocence. Webb v. Anderson, 224 F.3d at 652. The hearing officer was entitled to credit the conduct report and other evidence of his guilt, and the court finds the evidence constitutionally sufficient.

Mr. Calderon also claims that various provisions of the IDOC Disciplinary Code were violated, including the number of times the hearing was postponed and the preparation of statements by the investigator. An argument based on the proper application of internal prison rules doesn't present a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Finally, Mr. Calderon claims that the charge was brought for "vindictive" and "retaliatory" reasons. He thinks prison officials brought the attempted trafficking charge because he wouldn't admit to having a phone when they

6

interviewed him. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999). As already outlined, Mr. Calderon received the procedures mandated by due process in this case.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 12, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT